IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 23-1279-GBW |
| ) | |
| JAMES T. VAUGHN ) | |
| CORRECTIONAL CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Marquis Mason, James T. Vaughn Correctional Center, Smyrna, Delaware – *Pro Se* Plaintiff

February 7, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

On November 8, 2023, Plaintiff Marquis Mason filed this civil action *pro se*. (D.I. 3). Plaintiff is an inmate at the James T. Vaughn Correctional Center (JTVCC) in Smyrna, Delaware, and he has been granted leave to proceed *in forma pauperis*. (D.I. 11). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

The Complaint raises civil rights claims, pursuant to 42 U.S.C. § 1983. (D.I. 3 at 2.) The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). The Complaint alleges that, from January 2023 through the date of filing, Defendants JTVCC, VitalCore Health Strategies, and Michael Records violated Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights. (D.I. 3 at 5.) Plaintiff believes that, during his last seventeen years of incarceration at Defendant JTVCC, he has developed health conditions, including a compromised immune system, thyroid disease, and aplastic anemia, from drinking contaminated water at the facility. (*Id.*) Plaintiff discovered these health conditions in January 2023, from bloodwork. (*Id.* at 6.)

1

Plaintiff alleges that the Warden and staff at Defendant JTVCC "knew for years this water wasn't fit for drinking [but] failed in [their] duty to check the level of contamination" and "never investigated the long[-]term effects of drinking this water." (*Id.*) Plaintiff has placed many sick calls and grievances, yet his condition has worsened, and he alleges, "Without treatment[,] I will not make it." (*Id.* at 5.) Defendant VitalCore has relayed to Plaintiff, as well as his family members and attorneys, that a plan of care is in place, but Plaintiff has not received treatment. (*Id.* at 6.) As such, Plaintiff alleges that Defendant VitalCore has denied him medical treatment, which has shortened his life expectancy. (*Id.*) Defendant Records has seen Plaintiff's grievances and knows of Plaintiff's health problems, yet "personally denied health care to" Plaintiff when he was "coughing up blood [and] in pain all day" by denying Plaintiff's grievances. (*Id.* at 6-7.) Other, unidentified individuals have also been involved in the denial of medical care to Plaintiff. (*Id.* at 7.)

Based on the foregoing, Plaintiff seeks money damages, medical treatment paid for by Defendants, an end to retaliation by Defendants (and possibly others), and an end to both the delay, and reading of, Plaintiff's mail to the Court by Defendants (and possibly others). (*Id.* at 8.)

2

Case 1:23-cv-01279-GBW Document 13 Filed 02/07/25 Page 4 of 9 PageID #: 65

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

3

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. <u>DISCUSSION</u>

Even employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Complaint fails to state a claim and 28

§ 1915(e)(2)(B)(ii) warrants dismissal. Plaintiff will be given leave to amend in accordance with this Memorandum Opinion.

First, the Eleventh Amendment proscribes Plaintiff's suit against Defendant JTVCC because "it falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware." *Carter v. James T. Vaughn Corr. Ctr.*, 134 F. Supp. 3d 794, 799 (D. Del. 2015). A state agency or official "is not a person" subject to claims under 42 U.S.C. § 1983, and a suit against it "is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant," *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)), and the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment, *see Jones v. Attorney Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam). As such, Plaintiff's claims against Defendant JTVCC fail, and amendment is futile.

Next, Defendant VitalCore "cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability" in the § 1983 context. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692

5

(1978)). To hold Defendant VitalCore responsible, Plaintiff "must provide evidence that there was a relevant [company] policy or custom, and that the policy caused the constitutional violation" alleged by Plaintiff. *Natale*, 318 F.3d at 584. Yet the Complaint alleges no VitalCore policy or custom from which deliberate indifference to a serious medical need can be inferred. Rather, the Complaint alleges that Defendant VitalCore has plan of care in place for Plaintiff, which is not being executed allegedly. (D.I. 3 at 6.) As such, the Complaint fails to state a claim against Defendant VitalCore.

Last, the Complaint fails to state a claim against Defendant Records, and amendment is futile, because the allegations against Defendant Records exclusively pertain to the involvement of Defendant Records in the grievance process, and inmates have "no free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

In an abundance of caution, Plaintiff will be given leave to amend. An amended complaint must provide a clear and concise statement regarding who specifically is alleged to have done what, when, and to what effect. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Court cannot credit bald assertions and legal

6

conclusions in the absence of supporting factual allegations, *see Iqbal*, 556 U.S. at 679, and a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved," *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

An amended complaint must state a cognizable claim. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To set forth a constitutional claim of inadequate medical care, Plaintiff must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104. "Mere disagreement as to the proper medical treatment is insufficient," *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004), and treatment is presumed to be proper, absent evidence that there was a violation in the standard of care, *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Even when a standard of care is allegedly breached, raising a constitutional claim requires proof beyond both simple negligence and medical malpractice. *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner") (quoting *Estelle*, 429 U.S. at 106). A prison official is "deliberately indifferent" only when the official knows that a prisoner

faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Furthermore, an amended complaint must name an appropriate defendant or defendants. A suit seeking prospective injunctive relief can be brought against state officials in their official capacities under § 1983. *See Merritts v. Richards*, 62 F.4th 764, 771-73 (3d Cir. 2023). Additionally, "a damage claim under section 1983 alleging civil rights violations may be maintained against [state officials] in [their] individual capacity[ies]." *Melo v. Hafer*, 912 F.2d 628, 637 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991).

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (D.I. 3.) Plaintiff will be given leave to amend.

An appropriate Order will be entered.